THOMAS DALY, Respondent, v. THE FALK COM-
PANY, Appellant.

Kansas City Court of Appeals, November 7, 1904.

APPELLATE PRACTICE: Affirmance. The judgment is affirmed
on the authority of the case of Kane v. the same defendant, 93
Mo. App. 209, the facts and circumstances being identical.

Appeal from Jackson Circuit Court.—*Hon. S. C.
Douglass,* Judge.

AFFIRMED.

' *Harkless, Crysler & Histed* for appellant.

*H. J. Latshaw, Jr.,* for respondent.

SMITH, P. J.—The petition, answer and evi-
dence in this case are but a counterpart or duplicate
of those in Kane against the same defendant, as is
seen by reference to 93 Mo. App. 209. The injury
complained of in that case happened at the same time,
under the same circumstances and in the same way as
this. It would be impossible to differentiate the one
case from the other.

In Kane's case, we held that an overthrown verdict
for a much larger amount than that in this case was
authorized by the evidence, and accordingly ordered
that it be restored and judgment entered on it. And
as there is no substantial difference in the constitutive
facts of the two cases, or in the evidence tending to
prove such facts it is difficult to see why the conclusion
reached in the one should not dominate the other.

It is true the defendant during the progress of the
trial of this case interposed an objection to the admis-
sion of certain evidence, but whether the ruling of the

court thereon was proper or improper is of no import-
ance, since such evidence was most manifestly not pre-
judicial to the defendant on the merits.   Without it,
that remaining according to the ruling in Kane's case
was sufficient to justify the verdict.   The judgment in
the latter must be held in effect to foreclose the dis-
cussion of any question touching the merits of this.
That case settles this.

Finding no error prejudicial to the defendant on
the merits, the judgment must be affirmed.   All con-
cur.